IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY SCOTT ROBERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:19cv473-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Jeffery Scott Roberson's construed 28 U.S.C. § 2255 motion. For the reasons indicated below, the Magistrate Judge finds that the § 2255 motion should be denied and this case dismissed with prejudice.

### I.   INTRODUCTION

In May 2017, Roberson pleaded guilty to one count of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On September 12, 2017, the district court sentenced Roberson to 120 months in prison. Roberson took no appeal.

On July 5, 2019, Roberson filed a petition with this court styled as an "Application of Habeas Corpus." Doc. No. 1. Roberson argued that this court exceeded its Article III powers by imposing his conviction and sentence, which he said the court was without jurisdiction to do, because the government, in procuring his indictment, failed to show that the charged conduct injured the United States and therefore the government lacked legal standing to prosecute him. *Id.* at 2–4.

Because Roberson's *pro se* petition attacked his conviction and sentence, this court entered an order in compliance with *Castro v. United States*, 540 U.S. 375 (2003), advising Roberson of its intention to re-characterize his petition as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 2 at 1–2. The court cautioned Roberson that the re-characterization would render the § 2255 motion and any subsequent § 2255 motion susceptible to the procedural limitations imposed on such motions, specifically the one-year limitation period and the successive-petition bar. *Id* at 2. In addition, the court directed Roberson to advise the court of his wishes to do one of the following: (1) proceed before this court under 28 U.S.C. § 2255 on the claims in the construed § 2255 motion; or (2) amend the construed § 2255 motion to assert any additional claims he wished to assert under § 2255; or (3) withdraw the construed § 2255 motion and dismiss this action. *Id.* at 2–3. The court cautioned Roberson that if he failed to file a response in compliance with its order, the case would proceed on his motion as a § 2255 motion, with the court considering only the claims in that motion. *Id.* at 3.

Roberson failed to file a response in compliance with this court's orders, instead filing a response insisting that his petition should be treated as one seeking relief under 28 U.S.C. § 2241. *See* Doc. No. 6. Because Roberson's response does not comply with this court's orders, this cause will proceed as an action under § 2255, with the court considering the claims in Roberson's construed § 2255 motion.

## II.   STANDARD OF REVIEW

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the

2

Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### III.   DISCUSSION

Roberson claims that this court acted in excess of its Article III powers by imposing his conviction and sentence, which he said this court was without jurisdiction to do because the government, in procuring his indictment, failed to show that the conduct charged in the indictment injured the United States and therefore lacked legal standing to prosecute him. Doc. No. 1 at 2–4. Roberson's argument relies on principles from civil cases regarding the case-or-controversy requirement, such as *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). *See* Doc. No. 1 at 2–4. These cases explain that a plaintiff has standing to sue only if he can establish that the defendant's conduct caused him an "injury in fact" that could likely be redressed by the relief sought in the lawsuit. *See, e.g., Steel Co.*, 523 U.S. at 103–04. Roberson's claim lacks merit.[1]

---

[1] It appears that Roberson's § 2255 motion may be time-barred under the one-year limitation period in 28 U.S.C. § 2255(f). However, because Roberson's claim plainly lacks merit, this Recommendation disposes

(continued…)

3

As sovereign, the United States has the power to prosecute violations of valid criminal statutes, and these prosecutions are within the traditional scope of Article III power. *See United States v. Nixon*, 418 U.S. 683, 694 (1974) (explaining that a criminal prosecution "is a judicial proceeding in a federal court alleging violation of federal laws and is brought in the name of the United States as sovereign"). When an individual violates federal law, the United States suffers an "injury to its sovereignty arising from violation of its laws," and that injury "suffices to support a criminal lawsuit by the government." *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *see also De La Maza v. United States,* 215 F.2d 138, 140 (9th Cir. 1954) ("After an offense of the laws of the United States was set forth and returned in the indictment, the district court had jurisdiction of . . . the subject matter.").

Numerous courts have rejected standing-based arguments, like Roberson's, where criminal defendants claimed that the government lacked standing to prosecute them because their crimes caused no actual injury to the United States. *See, e.g., United States v. Daniels*, 48 F. App'x 409, 417–18 (3d Cir. 2002) (describing standing argument like Roberson's as "frivolous" because, "as sovereign, the United States has standing to prosecute violations of valid criminal statutes"); *United States v. Thompson*, 2016 WL 4528127, at *2 (M.D. Pa. 2016) (same); *Collier v. United States,* 2013 WL 1197102, at *2 (E.D. Wis. 2013) (same); *Dire v. United States*, 2015 WL 7283118, at *6 (E.D. Va. 2015)

---

of his motion on the merits and pretermits discussion of its timeliness. Because it plainly appears from Roberson's motion and the record of prior proceedings that Roberson is not entitled to relief, this court did not order the government to file a response to Roberson's motion. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

(same); *Parker v. United States*, 2011 WL 13192743, at *2 (E.D. Va. 2011) (same); *United States v. Li,* 2007 WL 951628, at *2 (S.D. Tex. 2007) (same); *Henderson v. United States*, 2011 WL 1752199, at *6 (W.D. Mo. 2011) ("[A] sovereign always has standing to prosecute violations of valid criminal statutes."); *Awwad v. United States*, 2016 WL 9109114, at *3 (E.D. Va. 2016) (citations omitted) ("[Defendant's] argument that the United States lacks standing to enforce its own criminal laws in federal court is absurd. As sovereign, the United States has standing to prosecute violations of valid criminal statutes." *United States v. Siceloff,* 2010 WL 2486354, at *1 (W.D. Pa. 2010) ("The authority of the government to prosecute defendant for the charged offense, and the court's jurisdiction over the prosecution, are established by the United States Constitution and by statute and are not debatable. . . . The government has the statutory authority to prosecute violations of federal criminal law and this court has both constitutional and statutory jurisdiction over this criminal prosecution. No other evidence of 'standing' is required."); *United States v. Merold*, 2007 WL 1839441, at *14 (N.D. Fla. 2007) (describing standing argument like Roberson's as "patently frivolous" because "[d]efendant was accused of violating the criminal laws of the United States, the United States Attorney is charged with prosecuting alleged violators, and nothing more need be added").

By the terms of the Constitution and the relevant federal statutes, this court had jurisdiction over the offense for which Roberson was convicted. Under Article III, § 2, cl. 1, of the Constitution, federal courts have jurisdiction in all cases "arising under" the constitution and laws of the United States. Under 18 U.S.C. § 3231, federal district courts have original jurisdiction, "exclusive of the courts of the States, of all offenses against the laws of the United States." *See Alikhani v. United States*, 200 F.3d 732, 734 (11th

5

Cir.2000); *United States v. Russell*, 30 F. App'x 348, 351 (6th Cir. 2002). Roberson was indicted and prosecuted for violating the criminal laws of the United States—specifically, 21 U.S.C. § 841. Because Roberson's offense violated valid federal law, the district court's jurisdiction to enter rulings and a judgment of conviction against Roberson lay squarely within the jurisdiction conferred under § 3231. *See McCoy v. United States*, 266 F.3d 1245, 1252 (11th Cir. 2001); *Alikhani*, 200 F.3d at 734 (because indictment charged defendant with violating "laws of the United States," the district court has subject matter jurisdiction to enter judgment upon the merits of the indictment).

As the Seventh Circuit has succinctly stated:

> Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the "jurisdictional" inquiry.

*Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).

Roberson's claim has no basis in law. The government had standing to prosecute Roberson, and this court had jurisdiction. The § 2255 motion is due to be denied.

## IV. CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion filed by Roberson (Doc. No. 1) be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that Petitioner shall file any objections to this Recommendation or before August 26, 2019. Petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

6

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar Petitioner from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of Petitioner to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

Done, on this the 12th day of August, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge